UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARGARET KATHLEEN NICKERSON-MALPHER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-07-136-B-W |
| JOHN BALDACCI, et al., | ) ) | |
| Defendants. | ) | |

### ORDER ON MOTION FOR RECUSAL

The Court denies the Plaintiff's motion for recusal, since the motion is based on assertions of facts and contentions of law that are erroneous.

### I.   STATEMENT OF FACTS

Margaret K. Nickerson-Malpher is the plaintiff in this section 1983 civil action, which she has brought against a number of state officials and other unknown individuals, alleging violations of law from the State of Maine's alleged seizure of her purebred dogs.  Ms. Nickerson-Malpher moves to have this Judge recuse himself from her lawsuit on the grounds that he is a defendant in another lawsuit involving similar issues and that he should disqualify himself because (1) "Impartiality may be questioned"; and, (2) "he may/has personal knowledge of disputed evidentiary facts concerning the Proceeding in Carol Murphy's case," which are also at issue in this case.  *Mot. for Recusal of Judge Woodcock* at 1 (Docket # 7).  The Court denies Ms. Nickerson-Malpher's motion to recuse.

## II.     DISCUSSION

### A.     Erroneous Factual Contentions

Ms. Nickerson-Malpher's main contention – that this Judge is currently a defendant in the matter of *Murphy v. State* – is factually erroneous.  Carol Murphy initiated a cause of action in this Court against the State of Maine and others on May 22, 2006.  *Demand for Inj.*, *Murphy v. Maine*, 2007 U.S. Dist. LEXIS 62782 (D.R.I. Aug. 23, 2007) (No. 06-62).  On September 21, 2006, Ms. Murphy filed an amended complaint adding this Judge as a defendant, and on the same day, this Judge recused himself.  *Second Am. Judicial Br.* at 3*, Murphy v. Maine*, 2007 U.S. Dist. LEXIS 62782 (D.R.I. Aug. 23, 2007) (No. 06-62); *Murphy v. Maine*, slip op. at 1 (D. Me. Sept. 21, 2006).  By Order dated February 20, 2007, United States District Judge Lisi granted a motion to dismiss this Judge as a defendant.  *Murphy v. Maine*, No. 06-62, slip op. at 5 (D.R.I. Feb. 20, 2007).  Ultimately, the Court entered judgment in favor of all defendants and against the plaintiff on August 23, 2007.  *Murphy v. Maine*, No. 06-62, 2007 U.S. Dist. LEXIS 62782 (D.R.I. Aug. 23, 2007).  There is no action pending against this Judge by Ms. Murphy.

Ms. Nickerson-Malpher's second contention – that this Judge "may/has personal knowledge of disputed evidentiary facts concerning the Proceeding in Carol Murphy's case, and which are also contained in this lawsuit" – is also erroneous.  *Mot. for Recusal of Judge Woodcock* at 1.  This Judge presided over Ms. Murphy's lawsuit for four months from May 22, 2006 to September 21, 2006.  During that interval, the Court ruled on several motions, ranging from a motion for default judgment to a motion to dismiss.  The issues before the Court were legal issues and did not depend on the development of any facts.  This Judge never presided over an evidentiary hearing involving Ms. Murphy and has no personal knowledge of the facts in her

2

case. In addition, this Judge's knowledge of Ms. Murphy's case comes solely from the allegations in her pleadings.

### B. Legal Requirements for Recusal

There is no legal basis for recusal in this case. Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," another judge shall be assigned to hear the proceeding. In addition, under 28 U.S.C. § 455, a judge must recuse himself in any proceeding "in which his impartiality might reasonably be questioned," or in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a)-(b)(1). The First Circuit has stated that "[s]ince sections 144 and 455 of 28 U.S.C. use similar language, and are intended to govern the same area of conduct . . . the test of the legal sufficiency of a motion for disqualification is the same under both statutes."[1] *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983). Thus, a judge may be disqualified if: "(1) the judge's impartiality may reasonably be questioned; or (2) he has a personal bias or prejudice concerning a party." *Id.*

To prove personal bias or prejudice, the movant must show that the judge's bias or prejudice is both "(1) personal, i.e., directed against a party, and (2) extrajudicial." *Id.*; *see also United States v. Raven*, 121 F. Supp. 2d 128, 131 (D. Mass. 2000). "Facts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias" because they are not extrajudicial. *Kelley*, 712 F.2d at 889. Ms. Nickerson-

---

[1] Ms. Nickerson-Malpher failed to comply with the statutory requirements of section 144, since she failed to file a "timely and sufficient affidavit." *See Kelley*, 712 F.2d at 887 (noting that "28 U.S.C. § 144 requires that the party filing a motion to disqualify a judge also file a 'timely and sufficient' affidavit . . . .") (emphasis added).

3

Malpher has failed to make any showing to establish either factor. *United States v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988).

To support a claim that a judge's impartiality may reasonably be questioned, the charge must be "grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable man." *Kelley*, 712 F.2d at 890 (quoting *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976)). No reasonable person could conclude that this Judge is biased against Ms. Nickerson-Malpher, based on his brief involvement in a separate cause of action by a different individual.

## III.  CONCLUSION

The Court DENIES Plaintiff Margaret K. Nickerson-Malpher's Motion for Recusal (Docket # 7).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2007