UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET KATHLEEN ) | |
| NICKERSON-MALPHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-07-136-B-W |
| ) | |
| JOHN BALDACCI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION FOR LEAVE TO FILE LATE RESPONSE AND MOTION TO SET ASIDE DEFAULT

While the Plaintiff's excuse for missing the filing deadline brushes the outer boundary of excusable neglect, the Court gives her the benefit of the doubt, and grants her motion for leave to file a late response.

## I.   STATEMENT OF FACTS

Margaret K. Nickerson-Malpher is the plaintiff in this section 1983 civil action against a number of state officials and other unknown individuals, alleging violations of law from the state of Maine's alleged seizure of her purebred dogs. *Compl.* (Docket # 1). On October 15, 2007, the Defendants moved to dismiss. *Mot. to Dismiss by Defs.* (Docket # 4). Ms. Nickerson-Malpher failed to respond within the allotted time, and on November 21, 2007, the Court granted the motion. (Docket # 11). On December 4, 2007, Ms. Nickerson-Malpher requested permission to file a late response, claiming that she had not received the Defendants' motion.[1]

---

[1] Ms. Nickerson-Malpher claims she spoke with the Postmaster of Topsfield, Maine, who told her that "mail was sent to the wrong zip code." *Mot. for Leave* at 1. On October 25, 2007 and November 19, 2007, correspondence from the Court sent to the Plaintiff at her Topsfield address was returned; the mail was marked "Return to Sender – Moved Left No Address – Unable to Forward." On November 30, 2007, the Court received a notice from Ms. Nickerson-Malpher, asking the Court to change her address from Maine to South Dakota. It seems much more

*Mot. for Leave to File Late Resp. to Mot. to Dismiss* (Docket # 14) (*Mot. for Leave*).  On December 26, 2007, the Defendants filed an opposition to Ms. Nickerson-Malpher's motion.  *Obj. to Pl.'s Mot. for Leave to File a Late Resp.* (Docket # 16).  Finally, on January 7, 2008, Ms. Nickerson-Malpher moved to set aside the default. *Pl.'s Mot. to Set Aside Default* (Docket # 19).

## II.  DISCUSSION

When a motion has been filed with the Court, the local rules provide the opposing party twenty-one days to file a written objection; should the opposing party fail to respond within that time, they "shall be deemed to have waived objection." Loc. R. 7(b).  When the twenty-one days have expired, the Court may "permit the act to be done where the failure to act was the result of excusable neglect . . . ." Fed. R. Civ. P. 6(b)(2).

Whether Ms. Nickerson-Malpher's failure to timely file her objections constitutes excusable neglect is "a balancing test which requires an equitable determination, taking account of all relevant circumstances surrounding the party's omission." *Pratt v. Philbrook*, 109 F.3d 18, 19 (1st Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'ns Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (quotation omitted).  These circumstances include: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395).  In applying *Pioneer,* the First Circuit found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness."[2] *Id.* (quoting *Pioneer*, 507 U.S. at 388).  While this standard embraces "a

---

likely that the Plaintiff's failure to receive mail was related to her change of address than to a Postal Service zip code mistake.

[2] In *Pioneer*, the United States Supreme Court was addressing the term "excusable neglect" in the context of a bankruptcy case in which an attorney inadvertently failed to file a proof of claim.  *See* Fed. R. Bank. P. 9006(b)(1).

forgiving attitude toward instances of excusable neglect," the moving party's "reason-for-delay" continues to be the critical element.  *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001).  Here, although the Court remains skeptical about the Plaintiff's stated reasons for her failure to timely respond, the Court will allow Ms. Nickerson-Malpher additional time to file a response, rather than subject her claims to default.

## III.  CONCLUSION

The Court VACATES its Order dated November 21, 2007, which had granted the Defendants' motion to dismiss (Docket # 11).  The Court GRANTS Plaintiff Margaret K. Nickerson-Malpher's motion for leave to file a late response (Docket # 14) and her motion to set aside default (Docket # 19).[3]  Ms. Nickerson-Malpher's response must be filed no later than 5:00 p.m., January 22, 2008.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2008.

---

However, in *Pratt*, the First Circuit found that the guidance provided in *Pioneer* extends beyond the confines of the bankruptcy rules, and impacts the interpretation of Rule 6(b) of the Federal Rules of Civil Procedure.  *Pratt*, 109 F.3d at 19 n.1 (citing other courts' use of *Pioneer* in the context of Rule 6(b)).

[3] The Court is aware that the defendants have not had the opportunity to respond to Ms. Nickerson-Malpher's motion to set aside default.  However, they have responded to her motion for leave to file late response and the merits of both motions are congruent.