UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET KATHLEEN NICKERSON-MALPHER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 07-136-B-W ) |
| JOHN BALDACCI, et al., | ) ) |
| Defendants. | ) |

**ORDER ON NOTICE OF VOID ORDER**

Margaret K. Nickerson-Malpher files a notice of void order, challenging the Order dated March 27, 2008 in which this Court affirmed over her objection the Recommended Decision of the Magistrate Judge.  *Notice of Void Order:  Void Ab Initio, Void on the Face of the R., Order No. 45 Filed on 3/27/08 Filed By Judge John A. Woodcock, Jr.* (Docket # 51) (*Pl.'s Notice*).  Ms. Nickerson-Malpher presents two grounds for her objection:  (1) she contends that because she has not consented to the Magistrate Judge's involvement in her case pursuant to 28 U.S.C. §§ 636(c)(1)-(2), the Order affirming the recommended decision is outside the Court's jurisdiction and scope of authority; and, (2) she contends that this Judge violated his oath of office and revealed his bias and prejudice against her by ruling in favor of certain Maine public officials.

Neither objection is well grounded.  Ms. Nickerson-Malpher fundamentally misapprehends the nature of the magistrate judge's recommended decision.  It is true that under 28 U.S.C. § 636(c), the parties must consent before a magistrate judge may enter a final order on a dispositive motion, but under § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of

any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(B). The list under subparagraph (A) includes motions to dismiss. *Id.* § 636(1)(A). The procedure is outlined in Rule 72 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72. Under § 636(b)(1)(B) and Rule 72(b), the Court had the authority to refer the motion to dismiss to Magistrate Judge Kravchuk, to receive her recommended decision, to make a *de novo* review of the matter, and to affirm the recommended decision. *United States v. Raddatz*, 447 U.S. 667, 683 (1980) (holding that "so long as the ultimate decision is made by the district court," designation to a magistrate judge does not violate Article III); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (explaining procedure); *United States v. Cadieux*, 295 F. Supp. 2d 133, 134-35 (D. Me. 2004).

Ms. Nickerson-Malpher is also plainly incorrect when she claims that because this Judge ruled against her, he violated his oath of office and demonstrated bias and prejudice against her. Ms. Nickerson-Malpher has now made three separate allegations of bias or prejudice against this Judge. Once again, the Court explains to her that "to prove personal bias or prejudice, the movant must show that the judge's bias or prejudice is both (1) personal, i.e. directed against a party, and (2) extrajudicial." *Order on Mot. for Recusal* (Docket # 8) (quoting *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983) (internal quotation marks omitted). The Court cautions Ms. Nickerson-Malpher that her constant repetition of bias and prejudice allegations against this Judge is erroneous as a matter of fact and law. If she persists, the Court may be required to take action to prevent her from wasting the Court's time and resources with frivolous allegations.

To the extent Ms. Nickerson-Malpher's "Notice" is a motion, the Court DENIES it; to the extent it is simply a notice, the Court STRIKES it.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2008