UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET KATHLEEN NICKERSON-MALPHER, </br></br>  Plaintiff, </br></br> v. </br></br> JOHN BALDACCI, et al., </br></br>  Defendants. | ) </br> ) </br> ) </br> ) </br> ) Docket no. 07-136-B-S </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER ON PENDING MOTIONS**

Before the Court are the following motions: (1) Defendants' Objection to Plaintiff's Amended Complaint (Docket # 53), (2) Plaintiff's Pro Se Motion for Temporary Restraining Order (Docket # 57), (3) Plaintiff's Pro Se Motion for Leave to File Amended Complaints (Docket # 59) and (4) Plaintiff's Pro Se Motion to Amend Scheduling Order (Docket # 60).

**I.      The Complaint and Attempts to Amend the Complaint**

The Court first takes up the issue of Plaintiff's proposed amended complaints in order to clarify for the Court and the parties what the Court considers to be the operative pleading in this case. The Court notes at the outset that at the time Plaintiff filed the proposed amended complaints, this action had already been winnowed to a case against three named defendants: Norma Worley, Christine Fraser and Christina Perry with each being sued in her individual capacity. This limiting of Plaintiff's case was the result of the March 10, 2008 Recommended Decision (Docket # 36) and the March 27, 2008 Order Affirming that Recommended Decision (Docket # 45). Via these Orders, the Court dismissed all claims against Maine Governor John Baldacci, Attorney General Steven Rowe, District Court Judge John Romei, Assistant District

Attorney Paul Cavanaugh, District Attorney Michael Povich, Justice of the Peace Daniel Lacasse and Maine Superintendent of Agriculture Seth Bradstreet (together, the "Dismissed State Defendants").

Since the filing of these decisions on the motions to dismiss, Plaintiff has filed two proposed amended complaints. The First Proposed Amended Complaint (Docket # 47) is dated February 29, 2008 (although it was filed on April 2, 2008). This First Proposed Amended Complaint not only names the three remaining defendants but also names the Bangor Humane Shelter and six Justices of the Maine Law Court and reasserts claims against the Dismissed State Defendants. The Second Proposed Amended Complaint (Docket # 56) is dated April 10, 2008. In addition to all of the Defendants named in the First Proposed Amended Complaint, Plaintiff's Second Proposed Amended Complaint also names Judge John Woodcock and Magistrate Judge Margaret Kravchuk; thereby naming a total of nineteen Defendants.

To the extent that both Proposed Amended Complaints seek to reassert claims against the Dismissed State Defendants, the amendment is clearly futile and frivolous. Moreover, to the extent the Proposed Amended Complaints have sought to add claims against Justices of the Law Court in connection with their decision in State v. Malpher, — A.2d —, 2008 ME 32 (Feb. 28, 2008), such claims are subject to the doctrine of judicial immunity. (See March 10, 2008 Rec. Dec. (Docket # 36) at 2-3 (discussing the doctrine and collecting cases).) Similarly, the doctrine of judicial immunity bars Plaintiff's asserted claims against Judge John Woodcock and Magistrate Judge Margaret Kravchuk, since the allegations against each of them relates only to the performance of judicial acts (See April 10, 2008 Am. Compl. at 20-21.) In short, none of the allegations against the named judicial officers found in either of the Proposed Amended Complaints state a claim upon which relief could be granted. To the extent Plaintiff believes that

the actions of any judicial officer were incorrect, Plaintiff may seek relief by appealing those decisions but not by seeking to add those judicial officers as defendants in this action.

Plaintiff's Proposed Amended Complaints name one other party, the Bangor Humane Society. As a private organization, Plaintiff cannot sue the Bangor Humane Society under 42 U.S.C. § 1983. Based on the factual allegations in the proposed amended complaints, the Court cannot discern any viable claim against the Bangor Humane Society from its review of the Second Proposed Amended Complaint.

Therefore, the Court concludes that Plaintiff's two Proposed Amended Complaints are overrun with claims that could not survive a motion to dismiss and are therefore futile and frivolous. On this basis, the Court DENIES Plaintiff's Motion for Leave To File Amended Complaints (Docket # 59). Therefore, the initial Complaint (Docket # 1), as modified by the Court's February 27, 2008 Endorsement Order (Docket # 30) and the Court's March 27, 2008 Order Affirming the Recommended Decision (Docket # 45), shall remain the operative pleading.

To the extent Plaintiff believes that any of the narrative found in her April 10, 2008 Proposed Amended Complaint is relevant to the claims pending against the three remaining named Defendants, she may move for leave to file an amended complaint within 14 days of this Order. However, the Court hereby instructs Plaintiff that she will only be allowed to amend the current Complaint (Docket # 1) if she complies with Rule 15(a)(2). This portion of Rule 15 requires Plaintiff to either obtain the written consent of the opposing parties or ask and receive the leave of the Court to file an amended complaint. Plaintiff is hereby advised that any future motions for leave to amend her complaint must attach a copy of the proposed amended complaint. Any amended complaints or "amended lawsuits" filed by Plaintiff that are not accompanied by a motion for leave to file or the written consent of all opposing parties will be

stricken from the docket.  Any motions for leave to file an amended complaint that do not include a copy of the proposed amended complaint will be similarly stricken from the docket.  In addition, to the extent that any proposed amended complaint reasserts the same frivolous claims against the Dismissed State Defendants and/or judicial officers, the Court will deny Plaintiff leave to file such an amended complaint.

## II.     The Motion for Temporary Restraining Order

By Motion filed on April 16, 2008, Plaintiff requested that the Court enter a temporary restraining order claiming that she will suffer "immediate and irreparable financial injury and loss and/or damage of property" (Pl.'s Mot. (Docket # 57) at 1.)  In an attached affidavit, Plaintiff cites the Defendants' removal of various pets from her home on September 21, 2006 as the source of her injury.  In short, given the timing of Plaintiff's request, which is over a year and a half after the alleged unlawful seizure, the Court finds no basis for concluding that Plaintiff will suffer irreparable harm absent an injunction.  Additionally, Plaintiff has not shown a substantial likelihood of success on the merits of her claims to the extent those claims can be discerned from the current complaint.  Therefore, the Court DENIES Plaintiff's Pro Se Motion for Temporary Restraining Order (Docket # 57).

## III.    The Scheduling Order and Status of Discovery

Finally, the Court hereby DENIES as MOOT Plaintiff's Motion for Enlargement of Time (Docket # 60).  Based on the April 14, 2008 Order of this Court, discovery in this matter is and shall remain stayed until the Court rules on any dispositive motions filed on or before the May 14, 2008 deadline.  After this motion practice is complete, the Court will issue an amended scheduling order as necessary.  To the extent any of the remaining parties believe the deadlines

set in that amended scheduling order need to be further extended, the parties may file a motion for an extension either jointly or separately.

### IV.     Warning Against Frivolous Filings

Plaintiff has been previously warned about making frivolous legal arguments.  (See April 11, 2008 Order (Docket # 54) at 2.)  Having just sorted out Plaintiff's latest round of filings, the Court reiterates that warning.  By filing frivolous motions, the Plaintiff only delays the Court's ability to reach the merits of her claims.  If Plaintiff fails to follow the Court's orders and persists in making groundless and frivolous filings, the Court may impose sanctions on Plaintiff, including possibly dismissing Plaintiff's case with prejudice.  See Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993).

### V.     Conclusion

For the reasons explained herein, (1) Defendants' Objection to Plaintiff's Amended Complaint (Docket # 53) is GRANTED; (2) Plaintiff's Pro Se Motion for Temporary Restraining Order (Docket # 57) is DENIED; (3) Plaintiff's Pro Se Motion for Leave to File Amended Complaints (Docket # 59) is DENIED as to both Docket #s 47 & 56; and (4) Plaintiff's Pro Se Motion to Amend Scheduling Order (Docket # 60) is DENIED as MOOT.

SO ORDERED.

/s/ George Z. Singal  
Chief U.S. District Judge

Dated this 25th day of April, 2008.