UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **MARGARET KATHLEEN** ) | |
| **NICKERSON-MALPHER,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v.        ) | **CIVIL NO. 07-136-P-H** |
| ) | |
| **NORMA J. WORLEY, ET AL.,** ) | |
| ) | |
| **DEFENDANTS** ) | |

### ORDER ON PENDING MOTIONS AND
### INJUNCTION AGAINST FURTHER FILINGS

The remaining defendants Worley, Fraser, and Perry have moved to dismiss the plaintiff's 42 U.S.C. § 1983 claims against them. I **GRANT** the motion. I also **DENY** the plaintiff's motion to amend her complaint and her motion for recusal. I **ENJOIN** her from further amendments adding additional defendants, and I warn her about continued frivolous filings. Her remedy for any discontent she has with this decision is to appeal to the United States Court of Appeals for the First Circuit.

### I. PENDING MOTIONS

*(A)    Plaintiff's Motion for Recusal*

I have inherited this case because the plaintiff, Margaret Nickerson-Malpher, names as an additional defendant any judge who rules against her (three judges of this District to date). Before I have ruled on any pending motions,

Nickerson-Malpher has asked that I too recuse. She gives as a reason that I am "a Defendant on Carol Murphy's lawsuit which is an identical U.S. Constitutional case to [the plaintiff's] and is currently in the U.S. Federal Court of Claims in Washington, DC."[1]  Pl.'s Mot. for Recusal (Docket Item 72).

On November 7, 2007, Carol Murphy, who was a plaintiff before me in Docket No. 2:07mc118, notified me that she intended to sue me in the U.S. Court of Claims because of rulings I had made in Ms. Murphy's case in this court. (The appropriate remedy for Ms. Murphy concerning any ruling that she thought was incorrect was to appeal the ruling to the United States Court of Appeals for the First Circuit.) To my recollection, I have never been served with civil process in connection with any such lawsuit in the Court of Claims, and I have no personal knowledge whether any such lawsuit is pending. In any event, I cannot see how Ms. Murphy's intent to sue me for my rulings in a previous case has anything to do with my role in dealing with this plaintiff's lawsuit. Rulings a judge makes in a case are not grounds for recusal. <u>United States v. Kelley</u>, 712 F.2d 884, 890 (1st Cir. 1983). Judge Woodcock explained this to the plaintiff previously in denying a similar motion to recuse (before she named him as a defendant in this case). See Order of November 19, 2007 (Docket Item 8) (telling Nickerson-Malpher: "'Facts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias' because they are not extrajudicial. <u>Kelley</u>, 712 F.2d at 889.")  Thus, Nickerson-Malpher's current request for me to

---

[1] She also attaches what she says is a Supreme Court ruling about recusal, but it appears to be an
*(continued on next page)*

recuse is frivolous. She previously filed still another frivolous recusal motion (Docket Item 48) seeking the recusal of Magistrate Judge Kravchuk (before Nickerson-Malpher named her too as a defendant) merely because Judge Kravchuk had issued a recommended decision, as she is authorized to do by 28 U.S.C. § 636(b) and Local Rule 72(b). That motion also was denied. Order of April 14, 2008 (Docket Item 55). Ultimately, Nickerson-Malpher nevertheless procured the recusal of both Judges Woodcock and Kravchuk by seeking to add them as defendants to this lawsuit. When Judge Singal inherited the case (before I did) and ruled against her, she immediately moved to add him as a defendant and procured his recusal.

The current request for recusal is clearly frivolous. I therefore **DENY** the request that I recuse.

### (B)    *Plaintiff's Motion to Amend Complaint*

The plaintiff, Nickerson-Malpher, has moved to amend her complaint to add as defendants the last judge who was assigned to the case, Chief Judge George Z. Singal, because of rulings he has made in the case, and the lawyer for the defendants, William R. Fisher, an Assistant Attorney General for the State of Maine, because of arguments he has made in the case on behalf of the parties he represents.

The motion to amend is **DENIED** because it is blatantly frivolous. A judge's rulings, and an opposing lawyer's arguments, are not grounds for adding them as

---

anonymous memorandum entitled "Recusal of a Federal Judge." (Docket Item 72-2).

defendants in the plaintiff's lawsuit.  Moreover, a judge has absolute immunity from civil liability for his rulings in a lawsuit.  Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).  Judge Singal previously warned Nickerson-Malpher, in denying her previous motion to file two amended complaints because they were "overrun with claims that . . . are . . . futile and frivolous," Order on Pending Motions 3 (Docket Item 63), that "to the extent that any proposed amended complaint reasserts the same frivolous claims against the . . . judicial officers, the Court will deny Plaintiff leave to file such an amended complaint."  Id. at 3-4.  She has wholly ignored Judge Singal's ruling and instead has attempted to reassert the very claims that he dismissed, rather than revert to her original complaint as he ordered.  The motion to amend is **DENIED** as frivolous and vexatious.

## *(C)   Defendants' Motions to Dismiss*

On a motion to dismiss for failure to state a claim, I view the facts in the light most favorable to the plaintiff.  In re Cabletron Sys., Inc., 311 F.3d 11, 22 (1st Cir. 2002).  According to the complaint, on September 19, 2006, defendant Perry searched Nickerson-Malpher's property without consent and without a search warrant.  Pl.'s Compl. ¶ 2 (Docket Item 1).  Later,[2] with a search warrant, Perry returned with defendant Fraser, and they both entered Nickerson-Malpher's kennel.  Id. at ¶ 4.  Fraser took photographs of the dogs and the kennel.  Id. at

---

[2] The complaint does not specify that the kennel inspection and seizure of Nickerson-Malpher's animals occurred after the alleged September 19, 2006 search.  See Pl.'s Compl. ¶¶ 4-9.  However, it acknowledges that when Perry removed the dogs from the property she did have a search warrant so I assume that the complaint refers to two independent visits—one in which Perry did not have a search warrant (which Nickerson-Malpher alleges occurred on September 19, 2006), and a second in which she did have a search warrant.

¶ 5.  The dogs were removed from the property and transported to an animal shelter in Bangor.  Id. at ¶ 9.

After a two-day possession hearing held in state court on October 20, 2006 and November 7, 2006, the district judge ordered Nickerson-Malpher's animals forfeited to the state.  Id. ¶¶ 11, 13.  Nickerson-Malpher appealed the district court's order.  Id. ¶ 12.  The Maine Supreme Judicial Court, sitting as the Law Court, affirmed the decision.  State v. Malpher, 2008 WL 518218 (Me. Feb. 28, 2008).

Nickerson-Malpher filed her federal complaint in this court several months before the Law Court's ruling.  In her federal case, she alleges that Perry's search without a warrant on September 19, 2006 and her later search and seizure with a warrant violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution.  See Pl.'s Compl. ¶ 1.  She further alleges that Perry, Fraser, and Norma Worley, Director of the Maine's Animal Welfare Program, "conspired with malice aforethought to deceive and steal [her animals] under color of law," id. ¶ 10, and that they targeted her because she moved to Maine from another state, thereby interfering with her right to travel.  Id. ¶ 22.  Finally, she claims that Worley made public, false statements about her with intent to mislead the public.  Id. ¶ 16.

The defendants have moved to dismiss Nickerson-Malpher's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Defs.' Mot. to Dismiss (Docket Item 66).  The motion is **GRANTED**.

### *(1) Worley*

Worley is mentioned five times in the Complaint. Paragraph 16 states:[3]

> Norma Worley, Director of the State's Animal Welfare Program, involved herself in the media (Bangor News) when she made the statement that it was their belief that I was selling dogs. I am not a commercial breeder and I have never sold a dog in Maine. I also do not have a kennel in Massachusetts. These are false statements meant to mislead the public. These types of statements made to the public are done purposely to turn public opinion to the ideology of Animal Rights groups, some of which have been investigated by the F.B.I. and are on the lists of the most domestic and foreign Terrorist Lists in the Word. Animal Rights Activists should never be allowed to enter our political and governmental system as they have no respect for the Constitution for the united states of America and the rights of its citizens. It is believed by some that Norma Worley may be associated with some of these groups. Becqause of Norma Worley's part in my case and her position as Director of Animal Welfare, and her questionable background, and including the events I have just described, I have found it necessary to demand the Attorney General to do a Criminal investigation.

That allegation does not state any federal claim against Worley upon which relief may be granted. Even if Worley made false statements, and even if her statements were designed "to mislead the public" or "to turn public opinion," those allegations do not demonstrate a federal civil claim to relief on behalf of Nickerson-Malpher.

Paragraph 17 states:

> Steven Rowe, Attorney General, via his assistant, wrote me saying he had no role to play. I disagree. This is a very serious situation which should be looked into right away. Hundreds of innocent people and their animals are in danger. I believe Mr. Rowe should act in the best interests of the people of Maine, all the people, not just those who are biased in any way. Deceivement by state authorities has been going on and through it people are being deprived of their legally owned property under Color of Law. This is dangerous and

---

[3] The typographical and grammatical errors in the block quotations appear in the originals.

> needs to be stopped. Norma Worley is not running an animal welfare program but rather a program to steal under Color of Law. She may be operating under orders.

The statements about Worley do not reveal a federal civil claim on behalf of Nickerson-Malpher.

> Paragraph 18 states:
>
>> Seth Bradstreet III is Superintendant of Maine's Dept. of Agriculture. It is doubtful that he does not know of Norma Worley and her staff's activities. There has been a lot of publicity regarding dog seizures and horses, too, in the state of Maine. People are beginning to question what is going on. I, too, wonder! I sent a copy to Mr. Bradstreet of my letter to Mr. Rowe. I have not heard from him.

This language is directed against Bradstreet, not Worley.

> Paragraphs 22-23 state:
>
>> Norma Worley, Christina Perry, Christene Fraser and others are targeting people who they claim are coming in from other states with their animals which they may sell. This is discrimination. They have a right to participate in Commerce and they also have a constitutional right to travel across state lines. See Right of Travel. I am from Massachusetts and I came here with my animals to set up a summer home. I do not participate in Commerce yet I have been one of the out-of-staters targeted. I object under the Constitution of the united states of America.
>>
>> It appears that whether one owns a "puppy mill" or not, one who breeds to sell on a small scale, or one who breeds to "better the breed" and show their dogs in competition at AKC (American Kennel Club) shows across the country are being targeted by Norma Worley and the Maine Dept. of Agriculture. The U.S.D.A. exempts "Show dogs" from their program. At the Hearing I attended, Judge Romei said he did not want to hear anything about show dogs. So why was I there???? I can only believe it was to steal my dogs under Color of Law. My right to own dogs (property under the law) has been interferred with and my inalienable rights under the Maine and U.S. Constitutions have been violated.

7

Those allegations do not state any federal claim against Worley upon which relief may be granted. They do not meet the pleading standard of Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1974 (2007), which requires "enough facts to state a claim to relief that is plausible on its face."

Paragraph 10 states:

> Christina Perry, Christine Fraser, and I believe their director Norma Worley conspired with malice aforethought to deceive and steal under color of law my precious dogs, launder them through the non-profit animal shelter, and then plan a cover-up in the deceivement of the public through the media to induce the public to be "on their side" causing irreparable damage to my reputation and my professional life as well as personal life. This has interferred with my due process rights.

That does not meet the Twombly pleading standard. Nickerson-Malpher's "belie[f]" that Worley conspired does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

Alternatively, the claims against Worley must be dismissed under the law of claim preclusion. In Allen v. McCurry, the Supreme Court held that the doctrine of res judicata applies to federal suits filed under 42 U.S.C. § 1983. 449 U.S. 90 (1980). When evaluating a state court judgment, federal courts apply the law of preclusion of the state in which the judgment was entered. Torromeo v. Town of Fremont, 438 F.3d 113, 115-16 (1st Cir. 2006) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). Under Maine law, a claim cannot be litigated "if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented

for decision in the second action were, or might have been litigated in the first action." Machias Sav. Bank v. Ramsdell, 689 A.2d 595, 599 (Me. 1997).

On February 28, 2008, the Law Court issued its decision rejecting the two arguments that Nickerson-Malpher presented to it: (1) that the notice she received about the forfeiture proceedings failed to follow the proper procedure under 17 M.R.S.A. § 1021 and was insufficient to satisfy due process requirements; and (2) that § 1021 was void for vagueness. First, the Law Court concluded that the initial "taking" of the animals occurred pursuant to a search warrant, rather than under the terms of § 1021. It also held that Perry provided Nickerson-Malpher sufficient notice of the reason that she seized the animals and of the scheduled hearing at which Nickerson-Malpher "was given a full opportunity over two days of trial to present her case, explain the condition of the animals, and argue that they should be returned to her." Malpher, 2008 WL 518218, at *3. Second, the Law Court held that § 1021(5-A) is not void for vagueness. Id. at 4.

The improprieties that Nickerson-Malpher asserts against Worley in the State's seizure and forfeiture of her dogs should have been raised in the forfeiture proceedings about which she complains, which now are final with the decision of the Law Court.[4] Id.

---

[4] Although Worley was not a party to the state court proceedings, under the circumstances of this case, she is in privity with the state for preclusion purposes. Nickerson-Malpher names Worley both in her individual and her official capacity, but she seeks redress for actions Worley took solely in her official role. Nickerson-Malpher "does not allege improper acts by [Worley] separate and apart from acts done in [her official capacity]. Therefore, in the circumstances of this case, [Nickerson-Malpher] cannot be permitted to circumvent the sound principles of *res judicata* merely by including the word 'individually' in [her] complaint." Brown v. Osier, 628 A.2d 125, 129 (Me. 1993) (italics in original).

9

### *(2)* *Perry and Fraser*

The assertions against Perry and Fraser are that Perry performed an illegal and warrantless search on September 19, 2006, then with the fruits of that search obtained a search warrant, pursuant to which she and Fraser later entered the property, photographed and seized Nickerson-Malpher's dogs and cat, leading to the animals' ultimate forfeiture. Perry and Fraser argue that Nickerson-Malpher cannot pursue those arguments now in this federal court because the Law Court's decision in the forfeiture case amounts to res judicata precluding her federal claims.

Perry and Fraser use the rubric "collateral estoppel/issue preclusion" to describe their basis for dismissal of Nickerson-Malpher's Fourth Amendment claims against them. Defs.' Mot. to Dismiss 10-11.[5] Under Maine law, issue preclusion "is the prong of res judicata that prevents the relitigation of factual issues *already decided* if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." Cline v. Maine Coast Nordic, 728 A.2d 686, 688 (Me. 1999) (emphasis added; internal quotation marks omitted). What Perry and Fraser actually argue, however, is that "[t]he animal forfeiture hearing provided Ms. Malpher with both the opportunity and incentive to litigate any Fourth Amendment issues. *Having not done so,* she is collaterally estopped from litigating a Fourth Amendment claim in this Court." Defs.' Mot. to Dismiss 11

---

[5] The defendants purport to address Nickerson-Malpher's Fourth Amendment claim "on the merits" as well by citing the "facts" recounted in the Maine Law Court's decision. Without either
*(continued on next page)*

10

(emphasis added).  That mixes the claim preclusion facet of res judicata with issue preclusion/collateral estoppel.  The latter deals only with issues *actually decided*, Cline, 728 A.2d at 688; the former deals with issues that "might have been litigated in the first action."  Machias Sav. Bank, 689 A.2d at 599.  Fraser and Perry do not argue that the state court judge or justices actually decided Nickerson-Malpher's Fourth Amendment issues in the forfeiture hearing.[6]  I therefore consider the argument under the three Maine law requirements of claim preclusion that Machias Savings Bank outlines.

 I approach them in reverse order.  First, the Fourth Amendment claims could have been litigated in the forfeiture proceeding.  Nickerson-Malpher's lawyer actually listed illegal search and seizure as a statement of issue on appeal:

> 10.  Whether the September 25, 2006 entry onto the Malpher property, search and seizure of property was an illegal search and seizure.

Statement of Issues, Attachment 10 to Pl.'s Resp. to Defs.' Mot. to Dismiss (Docket Item 25-12).[7]  Although Nickerson-Malpher did not pursue the illegal search issue in her brief in the Law Court, she did mention in her statement of facts that she had "objected to admission of evidence obtained as a result of the search warrant."  Br. of Appellant 2, Attachment to Pl.'s Resp. to Defs.' Mot. to Dismiss (Docket Item 25-5).  Clearly then, this was a claim that could have been litigated in the state

---

claim or issue preclusion, however, those "facts" are not binding on Nickerson-Malpher here.
[6] Rather, the Law Court rejected Nickerson-Malpher's argument that the state failed to follow the correct statutory procedure (under 17 M.R.S.A. § 1021) by noting simply that the state initially seized her animals by executing a search warrant, not by invoking the animal welfare statute.
[7] Although this is a 12(b)(6) motion, this information is included in documents Nickerson-Malpher attached to her response to an earlier motion to dismiss.  The documents are also public records *(continued on next page)*

forfeiture proceeding. Second, there is a valid final judgment. The Maine Supreme Judicial Court, sitting as the Law Court, has rendered a final decision. State v. Malpher, 2008 WL 518218 (Me. Feb. 28, 2008). Third, although these defendants were not parties to the state litigation, and although Nickerson-Malpher names them in their individual capacities, they are in privity with the state for preclusion purposes. As I explained *supra* n. 4, Nickerson-Malpher seeks redress for actions allegedly taken by the defendants in their official roles. She "does not allege improper acts by [Perry or Fraser] separate and apart from acts done in [their official capacities]. Therefore, in the circumstances of this case, [Nickerson-Malpher] cannot be permitted to circumvent the sound principles of *res judicata* merely by including the word 'individually' in [her] complaint." Brown, 628 A.2d at 129.

The three prongs of Maine's claim preclusion standard are satisfied in this case. Nickerson-Malpher's action against defendants Perry and Fraser is barred by the prior adjudication. Accordingly, the defendants' motion to dismiss is **GRANTED**.

---

subject to judicial notice. See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

## II. INJUNCTION AGAINST FURTHER AMENDMENTS AND WARNING THAT CONTINUED FRIVOLOUS FILINGS MAY RESULT IN AN INJUNCTION AGAINST ALL FILINGS

In his Order of April 25, 2008, Judge Singal included a section entitled "Warning Against Frivolous Filings." In it, he warned Nickerson-Malpher that if she "fails to follow the Court's orders and persists in making groundless and frivolous filings, the Court may impose sanctions on Plaintiff, including possibly dismissing Plaintiff's case with prejudice." Order on Pending Motions 5.

The recently filed motion to amend and attached amended complaint are groundless and frivolous on their face. As a result of that and her many previous frivolous filings, I hereby **FIND** that Nickerson-Malpher is a vexatious litigant who has abused her right to access to this Court by continuing to make groundless claims. "A part of the Court's responsibility is to see that [the Court's limited] resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous [filings] does not promote that end." In re McDonald, 489 U.S. 180, 184 (1989). An injunction is therefore appropriate under 28 U.S.C. § 1651(a), which gives courts authority to prohibit the filing of frivolous and vexatious lawsuits. Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985).

Accordingly, I now **ENJOIN** Margaret Kathleen Nickerson-Malpher against filing further amendments to the complaint in this lawsuit or attempting to add new defendants without the Court's prior permission, or unless and until this Order is vacated by the Court of Appeals for the First Circuit. Nickerson-Malpher's remedy for any unhappiness with this decision (or earlier decisions in

this case) is to take an appeal to the United States Court of Appeals for the First Circuit.  I also **WARN** Nickerson-Malpher that I may enjoin further filings by her in general if she continues her pattern of frivolous filings.

    **SO ORDERED.**

    **DATED THIS 17TH DAY OF JUNE, 2008**

                                      /S/D. BROCK HORNBY
                                      **D. BROCK HORNBY**
                                      **UNITED STATES DISTRICT JUDGE**